**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Morris Robert Chic Ryan,

Petitioner,

v.

State of Minnesota,

Respondent.

Civil No. 26-cv-3058 (JMB/DJF)

**ORDER**

---

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court shall substitute William Bolin as this action's Respondent.[1]

2. Respondent is directed to file an answer to the (amended) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody of Petitioner Morris Ryan (ECF No. 10 ("Amended Petition")), showing cause why the writ should not be granted.

3. Respondent's answer must fully comply with the requirements of Rules 5(b), (c) and (d) of the Section 2254 Rules, and must include a reasoned memorandum of law and fact fully stating Respondent's legal position on Mr. Ryan's claims. Respondent's compliance with Rule 5(c) must include attaching to the answer all parts of the transcript and all exhibits submitted to

---

[1] Neither the original petition nor the Amended Petition names Mr. Ryan's actual custodian as Respondent: both petitions simply leave the "Respondent" box blank. (*See* ECF No. 1 at 1; Am. Pet. 1.) Under Rule 2(a) of the Rules Governing § 2254 Cases in the U.S. District Courts (the "§ 2254 Rules"), when a petitioner is in custody under a state court judgment, "the petition must name as respondent the state officer who has custody." *See also, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (stating that the "default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" (citing cases)). Mr. Ryan is confined at the Minnesota Correctional Facility in Stillwater (*see* ECF No. 10), and that facility's warden is William Bolin. *See, e.g.*, Minn. Dep't of Corr., *MCF-Stillwater*, *available at* https://mn.gov/doc/facilities/stillwater/ (last visited Sept. 1, 2026).

the state courts that pertain to the claims asserted in the Amended Petition. The answer must be filed with the Court within 28 days of this Order's date, and a copy of the answer must be served upon Mr. Ryan simultaneously with such filing.

4. If Mr. Ryan intends to file a reply to the answer, he must do so within 28 days of the date when Respondent's answer is filed. Thereafter, no further submissions from either party will be permitted, except as expressly authorized by Court order.

5. Mr. Ryan's application to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**.

Dated: September 1, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge